J-S75009-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| SEVANAIA L. BAINIMARAMA | |
| Appellant | No. 488 WDA 2019 |

Appeal from the PCRA Order entered March 22, 2019
In the Court of Common Pleas of Fayette County
Criminal Division at No: CP-26-CR-0001430-2014

BEFORE:   STABILE, KUNSELMAN, and PELLEGRINI,[*] JJ.

MEMORANDUM BY STABILE, J.:                     **FILED APRIL 28, 2020**

Appellant, Sevanaia L. Bainimarama, appeals *pro se* from the March 22, 2019 order of the Court of Common Pleas of Fayette County, which dismissed his request for collateral relief under the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-46.  Upon review, we affirm.

The trial court summarized the factual and procedural background as follows.

> Appellant was tried before a jury and found guilty of aggravated assault, driving under the influence, and other offenses.  [On June 6, 2017,] Appellant was sentenced to a period of two to seven years of incarceration for aggravated assault and 90 days to 23 months for driving under the influence, to run consecutive to the two to seven years.  [Appellant did not file a direct appeal.]  [On March 29, 2018,] Appellant filed a timely PCRA petition.  Counsel was appointed to represent Appellant.  [Appointed counsel filed

---

[*] Retired Senior Judge assigned to the Superior Court.

an Amended PCRA petition on July 2, 2018]. [On September 10, 2018, the day set for a hearing on Appellant's PCRA amended petition, Appellant filed a motion to withdraw his PCRA petition, which the PCRA court granted on September 14, 2018.] [On December 13, 2018,] Appellant then filed a Second PCRA petition. Separate counsel was appointed to represent Appellant. Appellant's counsel determined that the Second PCRA petition was untimely and outside of [the PCRA court]'s jurisdiction as it was filed over a year after his date of judgment became final. [The PCRA court granted counsel's petition to withdraw and, on March 1, 2019, the PCRA court issued a Pa.R.Crim.P. 907 Notice of intention to dismiss the second PCRA petition.] [On March 22, 2019, the PCRA court] dismissed Appellant's Second PCRA petition. [On March 25, 2019, the PCRA court received a response from Appellant to the Rule 907 notice.] This appeal followed.

PCRA Court Opinion, 6/7/19 at 1 (unnecessary capitalization omitted).

Appellant raises the following claims for our review:[1]

1. Whether the [PCRA court's] dismissal of Appellant's Post-Conviction Collateral Relief Petition based on his request to withdraw [is] an error of law where the [PCRA court] failed to hold a hearing to determine whether such a request was a knowing and intelligent decision?

2. Did the [PCRA court] [err] in dismissing Appellant's Post-Conviction Collateral Petition based on its order of intent to dismiss[,] though Appellant['s] objections were timely filed under the Prisoner Mail Box Rule?

3. Did the [PCRA court] [err] in dismissing the Post-Conviction Collateral Relief Petition as a second petition that was time barred under 42 Pa.C.S.A. 9544?

Appellant's Concise Statement of Matters Complained of on Appeal, 5/13/19.

_____

[1] The issues raised before this Court do not match the issues Appellant raised in his statement of errors filed with the PCRA court. Accordingly, to the extent Appellant raises new issues on appeal, said issues are waived. *See* Pa.R.A.P. 302(a). We will address only the issues Appellant raised in his statement of errors pursuant to Rule 1925.

Our standard of review from a PCRA court's determination is well settled. "[A]n appellate court reviews the PCRA court's findings of fact to determine whether they are supported by the record, and reviews its conclusions of law to determine whether they are free from legal error." **Commonwealth v. Spotz**, 84 A.3d 294, 311 (Pa. 2014) (citation omitted). With regard to the scope of our review, we are "limited to the findings of the PCRA court and the evidence of record," viewed in the light most favorable to the party who prevailed before the PCRA court. **Id.** (citation omitted).

All PCRA petitions, "including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final." 42 Pa.C.S.A. § 9545(b)(1). The one-year time limitation, however, can be overcome if a petitioner (1) alleges and proves one of the three exceptions set forth in Section 9545(b)(1)(i)-(iii) of the PCRA, and (2) files a petition raising this exception within one year of the date the claim could have been presented. 42 Pa.C.S.A. § 9545(b)(2).

"The PCRA's time restrictions are jurisdictional in nature. Thus, [i]f a PCRA petition is untimely, neither this Court nor the [PCRA] court has jurisdiction over the petition. Without jurisdiction, we simply do not have the legal authority to address the substantive claims." **Commonwealth v. Chester**, 895 A.2d 520, 522 (Pa. 2006) (first alteration in original) (internal citations and quotation marks omitted). As timeliness is separate and distinct from the merits of Appellant's underlying claims, we first determine whether

this PCRA petition is timely filed. **See Commonwealth v. Stokes**, 959 A.2d 306, 310 (Pa. 2008) (consideration of **Brady**[2] claim separate from consideration of its timeliness). The timeliness requirements of the PCRA petition must be met, even if the underlying claim is a challenge to the legality of the sentence. **See Commonwealth v. Holmes**, 933 A.2d 57, 60 (Pa. 2007) ("Although legality of sentence is always subject to review within the PCRA, claims must still first satisfy the PCRA's time limits or one of the exceptions thereto") (citing **Commonwealth v. Fahy**, 737 A.2d 214, 223 (Pa. 1999)).

Regarding the first issue, it appears that Appellant is attempting to challenge the trial court's grant of his motion to withdraw his first PCRA petition. Appellant is entitled to no relief because the challenge is untimely.

The order granting Appellant's motion to withdraw his first PCRA petition was filed on September 14, 2018. No appeal was filed to challenge the propriety of that order. The instant appeal was filed on April 1, 2019 in connection with the denial of Appellant's second PCRA petition. Having failed to challenge the September 14, 2018 order within 30 days, Appellant's challenge is untimely. **See** Pa.R.A.P. 903(a).

Additionally, while Appellant provided argument regarding the merits of the challenge, nowhere did Appellant provide any reason or authority

---

[2] **Brady v. Maryland**, 373 U.S. 83 (1963).

addressing the timeliness of the instant claim. Appellant's Brief at 9-11; Concise Statement of Matters Complained of on Appeal, 5/13/19 at 1. Because the instant claim is untimely, and Appellant failed to address the timeliness of the claim, we cannot review it. **See Commonwealth v. Burks**, 102 A.3d 497, 500 (Pa. Super. 2014) ("Absent extraordinary circumstances, this Court has no jurisdiction to entertain an untimely appeal") (citation omitted).

Regarding the second claim (PCRA court's failure to consider Appellant's response to Rule 907 Notice), Appellant fails to acknowledge that the second PCRA petition was denied on March 22, 2019 because Appellant failed to plead and prove a timeliness exception for his PCRA petition. **See** Notice of Intention to Dismiss, 3/1/19; PCRA Court Opinion, 6/7/19, at 10.[3]

Even if the order denying the second PCRA petition was premature, as Appellant argues, Appellant failed to explain how the PCRA court's determination would have been different had it considered Appellant's response. As such, Appellant "has not demonstrated that he was prejudiced by the court's failure to consider his responses to the Rule 907 notice prior to

---

[3] Appellant's judgment of sentence became final at the expiration of the 30 days to file an appeal with this Court, *i.e.* July 6, 2017. Appellant had one year from that date to file a timely PCRA petition (July 6, 2018). The underlying petition, which was filed December 13, 2018, is therefore facially untimely. Appellant could overcome the facial untimeliness of the petition by pleading and proving one of the three exceptions set forth in Section 9545(b)(1)(i)-(iii) of the PCRA. As noted *infra*, Appellant failed to do so.

denying his petition." ***Commonwealth v. Feliciano***, 69 A.3d 1270, 1277

(Pa. Super. 2013).[4]

In his third claim, Appellant argues that the PCRA court erred in denying

his second PCRA petition as untimely under Section 9544.  The claim is devoid

of any merit.  First, Section 9544 does not deal with timeliness.  Second, as

noted, the PCRA court denied relief because the petition was untimely, not

because the claim had been previously litigated or waived under Section 9544.

***See*** Notice of Intention to Dismiss, 3/1/19; PCRA Court Opinion, 6/7/19, at

10-11.[5]

Order affirmed.

Judge Pellegrini joins the memorandum.

---

[4] In his response to the Rule 907 notice, Appellant cited various cases dealing with the applicable standard of review in connection with second or subsequent PCRA petitions.  Reliance on these cases is misplaced as they do not address timeliness, which is the issue here. ***See also*** PCRA Court Opinion, 6/7/19, at 4-5 ("The [r]esponse . . . fails to relevantly address why his Second PCRA is not time barred considering it was filed over a year after his judgment of sentence became final and does not allege any of the enumerated exceptions in 42 Pa.C.S.A. § 9545(b)(1)).

[5] In his appellate brief, Appellant no longer argues that the PCRA court erroneously relied on Section 9544.  Rather, Appellant argues that his Second PCRA petition should have been considered as the first PCRA given that the first PCRA petition "was never litigated."  Appellant's Brief at 3.  It is immaterial whether it was the first or the second PCRA petition, as all PCRA petitions must be timely or meet one of the exceptions to the time-bar. ***See*** Pa. 42 Pa.C.S.A. § 9545(b).  Failure to file a timely PCRA petition or meet one of its exceptions deprives courts of their jurisdiction to entertain the matter. ***Chester***, ***supra***.

Judge Kunselman concurs in the result.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date:  4/28/2020